LOUISIANA
STATE BANK
*v.*
ORLEANS NA-
VIGATION COM-
PANY.

</div>

TURNER et al. *v.* THE SECOND MUNICIPALITY OF NEW
ORLEANS.

The ordinance of the council of the Second Municipality of New Orleans of 12 March, 1839, authorizing the treasurer of the municipality to employ persons to collect taxes, &c., and providing a compensation therefor in the form of commissions, authorized such commis. sions to be charged only on collections made by persons employed by the treasurer. The ordinance did not contemplate the allowance of such commissions to the treasurer, as an addition to his salary.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *Benjamin* and *Micou,* for the plaintiffs. *R. Hunt,* for the appellants. The judgment of the court was pronounced by

ROST, J. This is an action brought by the plaintiffs, as assignees of *Thomas Sloo,* late treasurer of Municipality No. Two. The petition alleges that *Sloo* acted as treasurer from the year 1838 to the month of May, 1846 ; that, on the 12th March, 1839, the municipality passed an ordinance by which a commis- sion of one per cent was allowed to said treasurer in addition to his regular salary, said commission to be calculated on the amount of all notes and moneys due to the said municipality, whether for paving banquettes, ground rents, or from other sources, and collected or received by said treasurer, said compensa- tion being also in addition to a commission upon taxes collected ; that the said *Sloo;* while acting as treasurer, collected large sums of money and large amounts in notes and bills due to said municipality, but, through inadvertence, did not charge or receive the commissions due to him thereon, amounting to the sum of $6,206 79, which the plaintiffs now claim, under an assignment from him. The defendants filed a general denial, and afterwards pleaded the prescription of three years. There was judgment against them, and they appealed.

This case turns upon the proper interpretation of the ordinance under which the plaintiffs claim. Soon after the division of the city into three municipali- ties, the Second Municipality passed an ordinance creating the offices of comp- troller and treasurer. Among the duties imposed on the treasurer by that ordinance was that of collecting and receiving all moneys, notes, or other evidences of debt due the municipality. It rendered him responsible for all deficiencies that might arise from neglect, in the revenues from taxes on real estate and slaves and ground rents, either in collecting or prosecuting for the same, and required him to sign all receipts for taxes and ground rents. For the performance of all his duties, the twelvth article of the ordinance allowed him an annual salary of $2000. *Thomas Sloo* went into office under that ordinance.

The primary object of the ordinance of 1839 was evidently to authorize the treasurer to employ, at the expence of the municipality, but at his risk, such persons as he might think proper, to assist him in his collections. After grant- ing him that privilege, the same section of the ordinance proceeds as follows : The compensation for the collection of taxes on real estate and slaves is here- by fixed at two and a half per cent, and on reimbursement of paving and all

TURNER
*v.*
SECOND MUNI-
CIPALITY.

other collections not provided for by existing ordinances one per cent, &c. It does not expressly say that the treasurer himself shall receive those commissions, and from this ambiguity arises a question which is of frequent occurrence in the interpretation of statutes. that is, whether the latter part of the section is a substantive, independent clause, allowing a new compensation to the treasurer for all monies and dues of the municipality coming into his hands, or whether it is merely the complement of the first part of the section, and as such applicable only to the collections to be made by the persons whom it authorizes the treasurer to employ; or, in other words, whether the words used in the latter part of the section should not be understood in a restricted sense and within the meaning of the ordinance. Dwarris on Statutes, 4 Law Lib. 717, 764. For the purpose of ascertaining the intention of the city council in that respect, this ordinance must be construed with reference to their other ordinances on the same subject matter.

We have already seen that the ordinance of 1836 made it the duty of the treasurer to collect all the dues of the municipality, and that, for this and all other duties assigned to that officer, it allowed him a fixed compensation of $2,000 a year. Within a few weeks from the passage of the ordinance of 1839, under which the plaintiffs claim, another ordinance was passed raising the fixed salary of the treas·rer from $2,000 to $3,000 a year. This appears to us conclusive that the ordinance of 1839 had not already made to his compensation the enormous increase now insisted upon. The opposite construction would lead to unreasonable and absurd consequences, and imply, on the part of the city council, such a wanton disregard of duty, as courts of justice cannot presume to have existed.

We consider the legal construction of the ordinance to be, that the commissions it allowes are only to be charged on the collections made by the persons employed by the treasurer.

It is therefore ordered that the judgment in this case be *reversed,* and that there be judgment in favor of the defendants, with costs in both courts.